## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **ANN WILDER, PH.D.** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 9:20-CV-40** |
| | § | |
| **STEPHEN F. AUSTIN STATE** | § | |
| **UNIVERSITY** | § | |
| *Defendant* | § | **JURY DEMANDED** |

### PLAINTIFF'S PROPOSED JURY CHARGE

Plaintiff Ann Wilder, Ph.D. submits the attached proposed jury instructions and jury

verdict form as required by the Court's Third Amended Scheduling Order [Doc. 50].

Respectfully submitted,

**FRANKLIN LAW FIRM, PLLC**

**Tanner G.M. Franklin**
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
2528 Highway 103
Etoile, Texas 75944
(936) 854-3213 — Telephone
(888) 430-2559 — Fax

**ATTORNEY FOR PLAINTIFF**
**ANN WILDER, PH.D.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 12th day of July, 2021.

Amy S. Hilton
Attorney-in-Charge
State Bar No. 24097834
Assistant Attorney General
Amy.hilton@oag.texas.gov

Mathew Bohuslav
State Bar No. 24097834
Assistant Attorney General
matthew.bohuslav@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-936-1162
Fax: 512-320-0667

**Tanner G.M. Franklin**

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **ANN WILDER, PH.D.** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 9:20-CV-40** |
| | § | |
| **STEPHEN F. AUSTIN STATE** | § | |
| **UNIVERSITY** | § | |
| *Defendant* | § | **JURY DEMANDED** |

**INSTRUCTION NO. 1 Preliminary jury instructions (prior to the beginning of *voir dire*)**

Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off.  Do not turn it to vibrate or silent; power it down.  During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate.  I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court.  You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Myspace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a

3

juror.  This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case.  If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method.  Do not make any investigation about this case on your own.  Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony.  Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.  If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court.  If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination.  It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case.  Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with

the rules of this country and you will have done an injustice.  It is very important that you abide

by these rules.  Failure to follow these instructions could result in the case having to be retried.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 1.1 [Preliminary Instructions] (2014)**

GRANTED _____          DENIED _____

**INSTRUCTION NO. 2 Preliminary Instruction (following jury selection)**

**MEMBERS OF THE JURY:**

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Myspace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons

associated with the case are not allowed to communicate with you.  And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case.  You must rely solely on what you see and hear in this courtroom.  Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case.  Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it.  Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony.  In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss.  These issues are not part of what you must decide, and they are not properly discussed in your presence.  To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing.  When I confer with the attorneys at the bench, please do not listen to what we are discussing.  If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues.  I will try to keep these interruptions as few and as brief as possible.

The trial will now begin.  Lawyers for each side will make an opening statement.  Opening statements are intended to assist you in understanding the significance of the evidence that will be presented.  The opening statements are not evidence.

After the opening statements, the plaintiff will present their case through witness testimony and documentary or other evidence.  Next, the defendant will have an opportunity to present its case.  The plaintiffs may then present rebuttal evidence.  After all the evidence is introduced, [I will instruct you on the law that applies to this case.  The lawyers will then make closing arguments.][1]  [The lawyers will make closing arguments.  I will then instruct you on the law that applies to this case.]  Closing arguments are not evidence, but  rather  the  attorneys' interpretations of what the evidence has shown or not shown.  Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, [the closing arguments, and my instructions.][my instructions, and the closing arguments.]

It is now time for the opening statements.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 1.2 [Preliminary Instructions] (2014)**

GRANTED  _____            DENIED  _____

---

[1] The order of closing argument versus instructions on the evidence will depend on the Court's preference.

**INSTRUCTION NO. 3 First Recess**

We are about to take our first break in this trial.  Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors.  If anyone approaches you and tries to talk to you about the case, advise me about it immediately.  Do not read or listen to any news reports of the trial or use any technology tools to do independent research.  Remember to keep an open mind until all the evidence has been received.  Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 2.1 [First Recess] (2014)**

GRANTED  _____          DENIED  _____

**INSTRUCTION NO. _____ Stipulations of Fact**

A stipulation is an agreement.  When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts.  You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Here the parties have the following stipulations:

1. Plaintiff, Ann Wilder, Ph.D., was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.

2. Defendant, Stephen F. Austin State University, is an employer within the meaning of Title VII and the *Equal Pay Act*.

3. SFA has more than 500 employees over the previous 20 or more calendar weeks in the current or proceeding calendar year.

4. Jose Carbajal, Ph.D. ("Dr. Carbajal") is a male.

5. Plaintiff and Dr. Carbajal held the same or equivalent positions at SFA from September 2016 through August 2018, namely both were Assistant Professors, tenure-track in SFA's School of Social Work.

6. Dr. Wilder's pay for the 2016-2017 and 2017-2018 academic years was $54,425.00.

7. Dr. Carbajal's pay for the 2016-2017 and 2017-2018 academic years was $58,000.00.

8. From September 2016 through August 2018, the monthly pre-tax difference between Dr. Wilder and Dr. Carbajal was $397.00.

9. On June 19, 2018, Dr. Wilder filed a written complaint alleging sex discrimination and pay discrimination with SFA's Department of Human Resources.

10. Dr. Wilder's filing of her written complaint was a protected activity under Title VII and the *Equal Pay Act*.

11. Dr. Wilder's participation in Dr. Bisping's investigation concerning her complaint of sex discrimination and pay discrimination and subsequent appeal of Dr. Bisping's findings is a protected activity under Title VII and the *Equal Pay Act*.

12. On July, 24, 2018, Dr. Bullard signed a terminal contract for Dr. Wilder.

13. On July 24, 2018, Dr. Bullard was aware of Dr. Wilder's formal complaint alleging sex discrimination and pay discrimination that she filed on June 19, 2018.

10

14. SFA's issuance of a terminal contract to Dr. Wilder was an adverse employment action under Title VII.

15. Dr. Bullard was the ultimate decision maker who decided to issue Dr. Wilder a terminal contract.

16. Plaintiff has stated a *prima facie* case under the *Equal Pay Act*.

17. Plaintiff has stated a *prima facie* case of pay discrimination under Title VII.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 2.3 (2014)**


GRANTED _____          DENIED  _____

**INSTRUCTION NO. _____ Similar Acts**

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case.

Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing SFA's opportunity, intent, knowledge, plan, or history, which is at issue in this case.

Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect SFA's character.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 2.10 [Similar Acts] (2014)**

GRANTED  _____          DENIED  _____

**INSTRUCTION NO. _____   Impeachment by Witness' Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source:   **Fifth Circuit Pattern Jury Instruction – Civil 2.11 [Impeachment by Witness' Inconsistent Statements] (2014)**

GRANTED _____       DENIED _____

**INSTRUCTION NO. _____ Preliminary Instructions on the Law**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case.  The law contained in these instructions is the only law you may follow.  It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression.  You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence, they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard, and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendant in arriving at your verdict.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 3.1 (2014)**

GRANTED _____          DENIED _____

**INSTRUCTION NO. _____   Burden of Proof:  Preponderance of the Evidence**

Plaintiff has the burden of proving her case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 3.2 (2014)**

GRANTED  _____            DENIED  _____

16

**INSTRUCTION NO. \_\_\_\_\_ Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 3.3 (2014)**

GRANTED  _____          DENIED  _____

**INSTRUCTION NO. _____   Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances.  Has the witness been contradicted by other credible evidence?  Has he or she made statements at other times and places contrary to those made here on the witness stand?  You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 3.4 (2014)**

GRANTED  _____          DENIED  _____

**INSTRUCTION NO. _____ Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely on it.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 3.5 (2014)**

GRANTED  _____          DENIED  _____

**INSTRUCTION NO. _____ No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 3.6 (2014)**


GRANTED  _____          DENIED  _____

**INSTRUCTION NO. _____   EQUAL PAY ACT – 29 U.S.C. §§ 206(D)(1) AND (3)**

In this case, Ann Wilder, Ph.D. claims that Stephen F. Austin State University violated a federal law called the Equal Pay Act.  This law is designed to prevent sex-based wage discrimination by employers.

To succeed on her claim, Ann Wilder, Ph.D. must prove the following four facts by a preponderance of the evidence:

| | |
|---|---|
| First: | Stephen F. Austin State University is an employer; |
| Second: | Stephen F. Austin State University has employed Ann Wilder, Ph.D. and a male employee in jobs requiring substantially equal skill, effort, and responsibility; |
| Third: | The two jobs are performed under similar working conditions; and |
| Fourth: | Stephen F. Austin State University paid Ann Wilder, Ph.D. a lower wage than the similarly situated male employee. |

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

The parties have stipulated that Plaintiff has satisfied each of these elements.

Stephen F. Austin State University, however, has asserted that is entitle to an affirmative defense.  To establish its affirmative defense, Stephen F. Austin State University must prove by a preponderance of the evidence that the difference in the amount of pay between the jobs was not because of Ann Wilder, Ph.D.'s sex but was the result of a factor other than sex upon which Stephen F. Austin State University relied.  Ann Wilder, Ph.D. claims that the difference in pay was not the result of a factor other than sex upon which Stephen F. Austin State University relied and that Stephen F. Austin State University's reason for the difference is only an excuse for paying higher wages to men for equal work.

If you find that Stephen F. Austin State University has established its affirmative defense, your verdict must be in favor of Stephen F. Austin State University, and you will not decide the issue of Ann Wilder, Ph.D.'s damages.  But if you find that Stephen F. Austin State University has not established its affirmative defense, you must also decide whether Stephen F. Austin State University "willfully violated" Equal Pay Act or if the violation was what the law considers to be "non willful."

If Stephen F. Austin State University knew that its conduct violated the law, or acted in reckless disregard of that fact, then its conduct was willful.  If Stephen F. Austin State University did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard about whether the law prohibited its conduct, its conduct was not willful.

(Note, damages instruction moved to a separate section.)

Source:  **Eleventh Circuit Pattern Jury Instruction – Civil 4.13 (2020)**

GRANTED  _____          DENIED  _____

**INSTRUCTION NO. _____   Retaliation –Title VII and Equal Pay Act**

Plaintiff Ann Wilder, Ph.D. claims that she was retaliated against by Defendant Stephen F. Austin State University for engaging in activity protected by Title VII and the Equal Pay Act. Plaintiff Ann Wilder, Ph.D. claims that she filed a complaint concerning sex discrimination and pay discrimination with Stephen F. Austin State University's Department of Human Resources. Plaintiff then participated in an investigation of her complaint by Dr. Timothy O. Bisping and later appealed Dr. Bisping's findings.

Plaintiff Ann Wilder, Ph.D. claims that Defendant Stephen F. Austin State University retaliated against her by issuing her a terminal contract and then removing her from the classroom and reassigning her to a menial and diminutive role.

Defendant Stephen F. Austin State University denies Plaintiff Ann Wilder, Ph.D.'s claims and contends that it issued Ann Wilder, Ph.D. a terminal contract based on student and faculty complaints.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII and/or the EPA.

To prove unlawful retaliation, Plaintiff Ann Wilder, Ph.D. must prove by a preponderance of the evidence that:

1. Plaintiff Ann Wilder, Ph.D. engaged in a protected activity by filing a complaint of discrimination and participating in an internal investigation process concerning her complaint;

2. Defendant Stephen F. Austin State University issued Plaintiff Ann Wilder, Ph.D. a terminal contract; and

3. Defendant Stephen F. Austin State University's decision to issue Plaintiff Ann Wilder, Ph.D. a terminal contract was on account of her protected  activity.

Here, the parties have stipulated that Plaintiff Ann Wilder, Ph.D. engaged in a protected

activity by filing her complaint and participating in an internal investigation process concerning her complaint.  The parties have also stipulated that Stephen F. Austin State University issued Plaintiff Ann Wilder a terminal contract, which is an adverse employment action under Title VII and the Equal Pay Act.  Thus, the only element in dispute is the third element:  Whether Stephen F. Austin State University's decision to issue Plaintiff Ann Wilder, Ph.D. a terminal contract was on account of her protected activity.

You need not find that the only reason for Defendant Stephen F. Austin State University's decision was Plaintiff Ann Wilder, Ph.D.'s filing of a complaint of sex discrimination and pay discrimination and participation in the complaint review process, specifically appealing Dr. Bisping's findings.  But you must find that Defendant Stephen F. Austin State University's decision to issue Plaintiff a terminal contract and then remove Plaintiff from the classroom would not have occurred in the absence of—but for—her protected activities.

If you disbelieve the reason Defendant Stephen F. Austin State University has given for its decision, you may, but are not required to, infer that Defendant Stephen F. Austin State University would not have decided to issue Plaintiff Ann Wilder, Ph.D. a terminal contract but for her engaging in the protected activities.

**ELEVENTH CIRCUIT**

[**Pretext**]:  As I have explained, Plaintiff Ann Wilder, Ph.D. has the burden to prove that Defendant Stephen F. Austin State University's decision to issue her a terminal contract was because of Plaintiff Ann Wilder, Ph.D.'s complaint of sex discrimination and pay discrimination. I have explained to you that evidence can be direct or circumstantial.  To decide whether Defendant Stephen F. Austin State University's issuing a terminal contract was because of Plaintiff Ann Wilder, Ph.D.'s protected activity, you may consider the circumstances of Defendant Stephen F.

Austin State University's decision.  For example, you may consider whether you believe the reasons that Defendant Stephen F. Austin State University gave for the decision.  If you do not believe the reason that it gave for the decision, you may consider whether the reason was so unbelievable that it was a cover-up to hide the true retaliatory reasons for the decision.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 11.5 (2020) and Eleventh Circuit Pattern Jury Instruction – Civil 4.22 (2020)**

GRANTED _____          DENIED _____

25

**INSTRUCTION NO. _____   Title VII – Pay Disparity**

Plaintiff Ann Wilder, Ph.D. claims that Stephen F. Austin State University's decision to pay her less than Jose Carbajal, Ph.D. to perform the same job was motivated by Ann Wilder, Ph.D.'s sex.

The employer, Stephen F. Austin State University, denies Plaintiff Ann Wilder, Ph.D.'s claims, and contends that any pay disparity between Plaintiff Ann Wilder, Ph.D. and Jose Carbajal, Ph.D. was based on factors other than sex.

It is unlawful for an employer to discriminate against an employee because of an employee's sex.  An employer may, however, pay male and female employees differently based on reasons other than sex.

To prove unlawful discrimination, Plaintiff Ann Wilder must prove be preponderance of the evidence that:

1.   Defendant Stephen F. Austin State University paid Plaintiff Ann Wilder, Ph.D. less than Jose Carbajal, Ph.D. to perform the same job; and

2.   Defendant Stephen F. Austin State University's decision to pay Plaintiff Ann Wilder, Ph.D. less than Jose Carbajal, Ph.D. to perform the same job was motivated by Plaintiff's sex.

Plaintiff Ann Wilder, Ph.D. does not have to prove that unlawful discrimination was the only reason Defendant Stephen F. Austin University paid her less than Jose Carbajal, Ph.D. to do the same work.

The first element is not disputed.

If you find that the reason Defendant Stephen F. Austin State University has given for paying Plaintiff Ann Wilder, Ph.D. less than Jose Carbajal, Ph.D. to do the same work is unworthy of belief, you may, but are not required to, infer that Defendant Stephen F. Austin State University was motivated by Plaintiff Ann Wilder, Ph.D.'s sex.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 11.1 (2020)**

GRANTED _____          DENIED _____

**INSTRUCTION NO. _____   Title VII – Unlawful Termination**

Plaintiff Ann Wilder, Ph.D. claims that Stephen F. Austin State University's decision to issue her a terminal contract was motivated by Plaintiff Ann Wilder, Ph.D.'s sex.

The employer, Stephen F. Austin State University, denies Plaintiff Ann Wilder, Ph.D.'s claims, and contends that its decision to issue Plaintiff Ann Wilder, Ph.D. a terminal contract was based on student and faculty complaints about her hostile behavior.

It is unlawful for an employer to discriminate against an employee because of an employee's sex.  An employer may, however, terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Ann Wilder, Ph.D. must prove be preponderance of the evidence that:

1. Defendant Stephen F. Austin State University issued Plaintiff Ann Wilder, Ph.D. a terminal contract; and

2. Defendant Stephen F. Austin State University's decision to pay Plaintiff Ann Wilder, Ph.D. less than Jose Carbajal, Ph.D. to perform the same job was motivated by Plaintiff's sex.

   Plaintiff Ann Wilder, Ph.D. does not have to prove that unlawful discrimination was the only reason Defendant Stephen F. Austin University issued her a terminal contract.

If you find that the reason Defendant Stephen F. Austin State University has given for issuing Plaintiff Ann Wilder, Ph.D. a terminal contract is unworthy of belief, you may, but are not required to, infer that Defendant Stephen F. Austin State University was motivated by Plaintiff Ann Wilder, Ph.D.'s sex.

**Eleventh Circuit**

[**Pretext**]:  As I have explained, Plaintiff Ann Wilder, Ph.D. has the burden to prove that her sex was a motivating factor in Defendant Stephen F. Austin State University's decision to issue

her a terminal contract.  I have explained to you that evidence can be direct or circumstantial.  To decide whether Plaintiff Ann Wilder, Ph.D.'s sex was motivating factor in Defendant Stephen F. Austin State University's decision to issue a terminal contract, you may consider the circumstances of Defendant Stephen F. Austin State University's decision.  For example, you may consider whether you believe the reason that Defendant Stephen F. Austin State University gave for the decision.  If you do not believe the reason that it gave for the decision, you may consider whether the reason was so unbelievable that it was a cover-up to hide the true retaliatory reasons for the decision.

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 11.1 (2020) and Eleventh Circuit Pattern Jury Instruction – Civil 4.5 (2020)**

GRANTED  _____          DENIED  _____

**INSTRUCTION NO. _____  Consider Damages Only If Necessary**

If Plaintiff Ann Wilder, Ph.D. has proved any of her claims against Defendant Stephen F. Austin State University by a preponderance of the evidence, you must determine the damages to which Plaintiff Ann Wilder, Ph.D. is entitled.  You should not interpret the fact that I am giving instructions about Plaintiff Ann Wilder, Ph.D.'s damages as an indication in any way that I believe that Plaintiff Ann Wilder, Ph.D. should, or should not, win this case.  It is your task first to decide whether Defendant Stephen F. Austin State University is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Stephen F. Austin State University is liable and that Plaintiff Ann Wilder, Ph.D. is entitled to recover money from Defendant Stephen F. Austin State University.

Source: **Fifth Circuit Pattern Jury Instruction – Civil 15.1 (2014)**

GRANTED  _____                    DENIED  _____

**INSTRUCTION NO. _____ Compensatory Damages for Equal Pay Act[2]**

With respect to Plaintiff Ann Wilder, Ph.D.'s Equal Pay Act claim, if you find that Defendant Stephen F. Austin State University has established its affirmative defense, your verdict must be in favor of Defendant Stephen F. Austin State University, and you will not decide the issue of Plaintiff Ann Wilder, Ph.D.'s damages.  But if you find that Defendant Stephen F. Austin State University has not established its affirmative defense, you must decide the damages issue.

When considering the issue of Plaintiff Ann Wilder, Ph.D.'s compensatory damages, you should determine what amount, if any, has been proven by Plaintiff Ann Wilder, Ph.D. by a preponderance of the evidence as full, just and reasonable compensation for all of Plaintiff Ann Wilder, Ph.D.'s damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant Stephen F. Austin State University.  Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following element of damage, to the extent you find that Plaintiff Ann Wilder, Ph.D. has proved it by a preponderance of the evidence, and no others:  the amount of Plaintiff Ann Wilder, Ph.D.'s lost compensation.   Plaintiff Ann Wilder, Ph.D.'s lost compensation is the difference between the amount Defendant Stephen F. Austin State University should have paid Plaintiff Ann Wilder, Ph.D. and the amount Defendant Stephen F. Austin State University actually paid Plaintiff Ann Wilder, Ph.D..  Put another way, Plaintiff Ann Wilder, Ph.D.'s lost compensation is the difference between Plaintiff Ann Wilder, Ph.D.'s compensation and the compensation of the male employee in a substantially equal job.

---

[2]  Upon a finding that an employer violated the Equal Pay Act, an employee is entitled to recover "liquidated damages" in an amount equal to her lost compensation.  These "liquidated damages" are an equitable remedy that is determined by the Court.  Thus, Plaintiff has not submitted a proposed jury instruction concerning liquidated damages.

Plaintiff Ann Wilder, Ph.D. is entitled to recover lost compensation from the date of your verdict back to no more than two years before she filed this lawsuit on March 4, 2020, unless you find that Defendant Stephen F. Austin State University "willfully violated" the Equal Pay Act.

If you find that Defendant Stephen F. Austin State University willfully violated the Equal Pay Act, then Plaintiff Ann Wilder, Ph.D. is entitled to recover lost compensation from the date of your verdict back to no more than three years before she filed this lawsuit on March 4, 2020.

Source:  **Eleventh Circuit Pattern Jury Instruction – Civil 4.13 (2020)**

GRANTED  _____          DENIED  _____

**INSTRUCTION NO. _____  Compensatory Damages for Title VII**

If you found that Defendant Stephen F. State University violated Title VII, then you must determine whether it has caused Plaintiff Ann Wilder, Ph.D. damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Ann Wilder, Ph.D. has proved liability.

Plaintiff Ann Wilder, Ph.D. must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork.  On the other hand, Plaintiff Ann Wilder, Ph.D. need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others:  the amount of other damages sustained by Plaintiff Ann Wilder, Ph.D. in the form of pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

There is no exact standard for determining actual damages.  You are to determine an amount that will fairly compensate Plaintiff Ann Wilder, Ph.D. for the harm she has sustained.  Do not include as actual damages interest on wages or benefits.


Source: **Fifth Circuit Pattern Jury Instruction – Civil 11.14 (2014) (with removal of punitive damages and back pay)**

GRANTED _____          DENIED  _____

**INSTRUCTION NO. _____ Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous.  After you have reached a unanimous verdict, your presiding juror must fill out the answers to the writ- ten questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.


Source: **Fifth Circuit Pattern Jury Instruction – Civil 3.7 (2014)**

GRANTED  _____          DENIED  _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **ANN WILDER, PH.D.** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 9:20-CV-40** |
| | § | |
| **STEPHEN F. AUSTIN STATE** | § | |
| **UNIVERSITY** | § | |
| *Defendant* | § | **JURY DEMANDED** |

<u>**PROPOSED JURY VERDICT FORM**</u>

**QUESTION NO. 1**

Has Defendant Stephen F. Austin State University proved it affirmative defense that its decision to pay Plaintiff Ann Wilder, Ph.D. less than Jose Carbajal, Ph.D. was based on a factor other than sex?

Answer "Yes" or "No"

Answer_____

Source: **Eleventh Circuit Pattern Jury Instruction – Civil 4.13 (2020)** (with modification based on stipulations concerning other elements)

GRANTED _____          DENIED _____

36

**QUESTION NO. 2**

If you answered "No" to Question No. 1, answer Question No. 2, otherwise do not answer Question No. 2.

Has Plaintiff Ann Wilder, Ph.D. proved that Defendant Stephen F. Austin State University knew that its conduct was prohibited by the Equal Pay Act or showed reckless disregard for whether the Equal Pay Act prohibited its conduct?  In other words, did Defendant Stephen F. Austin State University "willfully violate" the Equal Pay Act?

Answer "Yes" or "No"

Answer_____

Source: **Fifth Circuit Pattern Jury Instruction – Civil 11.24 (2020)** (adapted from interrogatory regarding whether an employer willfully violated the FLSA).

GRANTED  _____          DENIED  _____

**QUESTION NO. 3**

If you answered "No" to Question No. 1, answer Question No. 3, otherwise do not answer

Question No. 3.

What sum of money, if paid now in cash, would compensate Plaintiff Ann Wilder, Ph.D.

for her lost compensation for Defendant Stephen F. Austin State University's violation of the Equal

Pay Act?

Answer in dollars and cents.

$ _____

Source: **Eleventh Circuit Pattern Jury Instruction – Civil 4.13 (2020)** (with modification to reflect 5th Circuit damage interrogatory format)

GRANTED _____          DENIED _____

**QUESTION NO. 4**

Do you find that Plaintiff Ann Wilder, Ph.D. would not have been issued a terminal contract but for her filing a complaint of sex discrimination and pay discrimination and participating an internal investigation regarding her complaint?

Answer "Yes" or "No"

Answer_____

Source: **Fifth Circuit Pattern Jury Instruction – Civil 11.5 (2020)**

GRANTED  _____          DENIED  _____

**QUESTION NO. 5**

Has Plaintiff Ann Wilder, Ph.D. proved that her sex was a motivating factor in Defendant

Stephen F. Austin State University's decision to issue her a terminal contract?


Answer "Yes" or "No"

Answer_____

Source: **Fifth Circuit Pattern Jury Instruction – Civil 11.1 (2020)**

GRANTED  _____        DENIED  _____

If you answered "Yes" to Question No. 4 or 5, answer Question No. 6, otherwise do not answer Question No. 6.

**QUESTION NO. 6**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff

Ann Wilder, Ph.D. for the damages, if any, you have found Defendant Stephen F. Austin State

University caused Plaintiff Ann Wilder, Ph.D.?

Answer in dollars and cents for the following items and none other:

1.      Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

        $ _____

2.      Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

        $ _____

Source:  **Fifth Circuit Pattern Jury Instruction – Civil 11.14 (2020)**

GRANTED  _____          DENIED  _____

_____       _____
Presiding Juror                        Date

1. _____     5. _____

2. _____     6. _____

3. _____     7. _____

4. _____     8. _____