IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANN WILDER, PH.D. § | | |
| *Plaintiff* § | | |
| § | | |
| V. § | CIVIL ACTION NO. 9:20-CV-40 | |
| § | | |
| STEPHEN F. AUSTIN STATE § | | |
| UNIVERSITY § | | |
| *Defendant* § | JURY DEMANDED | |

## PLAINTIFF'S MOTION IN LIMINE

Before the voir dire examination of the jury panel, Plaintiff Ann Wilder, Ph.D. makes this motion in limine. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendant injects these matters in this case through a party, an attorney, or a witness, Defendant will cause irreparable harm to Plaintiff that no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiff will be compelled to move for a mistrial. In an effort to void prejudice and a possible mistrial, Plaintiff makes this motion in limine.

### A. GROUNDS

Plaintiff asks the Court to prohibit Defendant from offering any of the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter.

1.  Any evidence, statement, or argument about settlement negotiations. Evidence of settlement negotiations is inadmissible. *See* FED. R. EVID. 408; *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.,* 56 F.3d 521, 526 (3rd Cir. 1995).

**AGREED:** _____      **GRANTED:** _____      **DENIED:** _____

2. Any expert testimony from a witness who was not identified as a testifying expert in responses to interrogatories or was not timely designated. *See Alldread v. City of Grenada,* 988 F.2d 1425, 1435-36 (5th Cir. 1993).

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

3. Any evidence that Defendant did not produce in discovery. Defendant should not be permitted to present any witness it did not name in its disclosures or answers to interrogatories or any evidence it did not produce in response to any disclosures or requests for production.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

4. Any evidence, statement, or argument regarding the Plaintiff's current financial condition or wealth.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

5. Any indication of any kind that the Defendant will have to pay any judgment out of Defendant's funds or state funds or taxpayer funds. Such information is irrelevant and substantially more prejudicial than probative. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

6. Any argument or suggestion that an award of damages will affect insurance premiums, the price of any goods or services, or the level of taxation. Such information is irrelevant and substantially more prejudicial than probative. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

7. Any mention, argument, or insinuation by Defendant's counsel that Plaintiff is trying to "make a profit" or "get rich quick" by filing this suit. Such commentary is inflammatory, irrelevant, and is deliberately designed to create an improper bias or prejudice against Plaintiff in

the minds of the jurors or prospective jurors in direct violation of the Court's instructions. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

8. Any attempt to ask Plaintiff's attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

9. Any reference to the fee arrangement between Plaintiff and her counsel, including but not limited to any reference to Plaintiff's attorneys as "contingency fee lawyers" or "damage suit lawyers," "lawsuit lottery," or any arguments regarding lawsuit abuse or frivolous lawsuits. Such information is irrelevant and substantially more prejudicial than probative. *See* FED. R. EVID. 401, 402, and 403. This is not meant to preclude any party from conducting a comprehensive voir dire regarding potential jurors' attitudes regarding lawsuits and lawsuit abuse.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

10. Any statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the Court rules on the law applicable to this case.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

11. That should the Defendant wish to introduce any photographs or motion picture film into evidence, that the same be tendered to Court and opposing counsel, outside of the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

12. That should the Defendant wish to introduce any charts or summaries into evidence, that the same be tendered to Court and opposing counsel, outside of the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender.

**AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

13. That this Motion has been presented to or ruled upon by the Court. In this connection, Plaintiff moves that Defendant's counsel be instructed not to suggest to the jury by argument or otherwise that Plaintiff has sought to exclude from proof any matter bearing on the issues in this cause of the rights of the parties to this suit.

**AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

15. Not to make any reference during voir dire or opinion statement to any evidence not under the control of Plaintiff which is not or will not be available at trial, or what evidence Plaintiff may not offer at trial.

**AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

16. Offering or reading from any of Plaintiff's objections to discovery herein.

**AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

17. Any evidence, statement, or argument of the Equal Employment Opportunity Commission's finding of no decision (for either side). *See Cortes v. Maxus Expl. Co.,* 977 F.2d 195, 202 (5th Cir. 1992).

**AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

18. Any evidence, statement, or argument concerning any prior or subsequent EEOC charge or state law equivalent filed by Plaintiff against any prior or subsequent employer. Such

information is irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

19. Any argument that a verdict for Plaintiff would negatively affect SFA, affect the cost of tuition, negatively affect faculty or staff salaries, devalue SFA's degrees, or tarnish SFA's reputation. Such arguments are irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

20. Any testimony or argument about Plaintiff's salary or income at Carlow University or any subsequent employer. Plaintiff is not seeking an award of back pay. Thus, information about Plaintiff's subsequent income is irrelevant and has no bearing on the issues to be decided by the jury. *See* FED. R. EVID. 401, 402. Further, any slight probative value would be substantially out weighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* FED. R. EVID. 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

21. Any evidence, statement, or argument concerning Plaintiff's sexual orientation or sexuality. Plaintiff is female; her sexual orientation is irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

22. Any evidence, statement, or argument concerning the reasons that Plaintiff's marriage to John Steven Conner ended in divorce. Plaintiff and Mr. Conner were married and are now divorced. They have two children, Daniel and Rachel. Any further information regarding

Plaintiff's marriage or divorce is irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

23. Any evidence, statement, or argument concerning the reasons that Plaintiff's second marriage to John Steven Conner ended in divorce. Plaintiff and Mr. Conner were married and are now divorced. They have two children, Daniel and Rachel. Any further information regarding Plaintiff's marriage or divorce is irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

24. Any evidence, statement, or argument concerning any sexual assault or sexual abuse of Plaintiff when she was child. Such information is irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

25. Any evidence, statement, or argument concerning any purported drug use by Plaintiff when she was in high school. Such information is irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

26. Any evidence, statement, or argument concerning Plaintiff's first marriage to Chris Wilder. Such information is irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

27. Any evidence, statement, or argument concerning Plaintiff's employment with Carlow University, aside from the fact that Plaintiff accepted a position with Carlow University after she

was issued a terminal contract by SFA. Plaintiff is not pursuing a claim of back, so any details concerning Plaintiff's subsequent employment with Carlow University, including the reasons Plaintiff left her employment with Carlow University and litigation resulting therefrom, are irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____ **GRANTED:** _____ **DENIED:** _____

28. Any evidence, statement, or argument concerning Plaintiff's attorney in Pennsylvania Jim Lieber who is not representing Plaintiff in this case and has never represented Plaintiff in any dealings with SFA. The fact that Plaintiff retained an attorney for different legal matters is irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____ **GRANTED:** _____ **DENIED:** _____

29. Any statements purportedly made by any SFA students concerning Plaintiff or her employment with SFA. Such statements, which are offered for the truth of the matters asserted, are hearsay and inadmissible. *See* FED. R. EVID. 801 and 802. Further, to the extent that such statements were purportedly made by students who are not called to testify by SFA, such statements should be excluded on the basis that they are substantially more prejudicial than probative because Plaintiff does not have the opportunity to cross-examine these students. *See* FED. R. EVID. 403.

**AGREED:** _____ **GRANTED:** _____ **DENIED:** _____

30. Any statements purportedly made by any SFA students, faculty, or staff concerning Plaintiff or her employment with SFA unless those SFA students, faculty, or staff have been identified in SFA's disclosures. *See* FED. R. CIV. P. 26(a)(i); FED. R. CIV. P. 37(c)(1). SFA's

failure to identity these students and provide their contact information is not harmless and is prejudicial because it denied Plaintiff the opportunity the ability to contact and/or depose these students.

**AGREED: _____     GRANTED: _____     DENIED: _____**

## B.  CONCLUSION

For these reasons, Plaintiff Ann Wilder, Ph.D. asks the Court to instruct Defendant and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Defendant and all attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

**FRANKLIN LAW FIRM, PLLC**

*/s/ Tanner Franklin*

**Tanner G.M. Franklin**
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
2528 Highway 103
Etoile, Texas 75944
(936) 854-3213 — Telephone
(888) 430-2559 — Fax

**ATTORNEY FOR PLAINTIFF
ANN WILDER, PH.D.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 12th day of July, 2021.

Amy S. Hilton
Attorney-in-Charge
State Bar No. 24097834
Assistant Attorney General
Amy.hilton@oag.texas.gov

Mathew Bohuslav
State Bar No. 24097834
Assistant Attorney General
matthew.bohuslav@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-936-1162
Fax: 512-320-0667

*/s/ Tanner Franklin*

**Tanner G.M. Franklin**