IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANN WILDER, PH.D. | § | |
|    *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:20-CV-40 |
| | § | |
| STEPHEN F. AUSTIN STATE UNIVERSITY | § § | |
|    *Defendant* | § | JURY DEMANDED |

## JOINT FINAL PRE-TRIAL ORDER

**A.    COUNSEL FOR THE PARTIES**

Plaintiff: Tanner G.M. Franklin, Franklin Law Firm, PLLC, P.O. Box 274 Etoile, Texas 75944, tfranklin@tfranklinlawfirm.com

Defendant: Amy S. Hilton and Matthew Bohuslav, Assistant Attorneys General, Office of Attorney General, General Litigation Division, P. O. Box 12548, Capitol Station, Austin, TX 78711, amy.hilton@oag.texas.gov and matthew.bohuslav@oag.tex.gov

**B.    STATEMENT OF JURISDICTION**

This action is brought pursuant to Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3) and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d).

Jurisdiction is not disputed.

**C.    NATURE OF ACTION**

Plaintiff alleges that Defendant, Stephen F. Austin State University, engaged in sex discrimination in violation of Title VII of the Civil Rights Act of 1964. Plaintiff further alleges that Defendant, Stephen F. Austin State University, committed an unlawful employment practice in violation of the Equal Pay Act.

**D.    CONTENTIONS OF THE PARTIES**

**Plaintiff's Contentions:**

Plaintiff, Ann Wilder, Ph.D. ("Dr. Wilder") contends that Defendant, Stephen F. Austin State University ("SFA"), discriminated against Dr. Wilder based on her sex and unlawfully

retaliated against by issuing her a terminal contract in August 2018. SFA also willfully, and alternatively non-willfully, violated the *Equal Pay Act* by paying Dr. Wilder, a female, less than her male colleague, Jose Carbajal, Ph.D. ("Dr. Carbajal"), to do the same job.

### *Claims*

*Equal Pay Act* and Title VII (wage disparity): SFA willfully violated the *Equal Pay Act* and Title VII by paying Dr. Carbajal, a male, a greater salary to do the same job as Dr. Wilder, a female. Alternatively, SFA non-willfully violated the *Equal Pay Act* by paying Dr. Carbajal, a male, a greater salary to do the same job as Dr. Wilder, a female. Further, SFA's proffered non-sex-based reason for the pay disparity—an issue upon which SFA bears the burden of proof—between Dr. Wilder and Dr. Carbajal is contrary to the purpose of the *Equal Pay Act* and fails as a matter of law or the proffered reason is false based on SFA's inconsistent explanation and prior salary decisions made by SFA.

Unlawful Retaliation under the *Equal Pay Act* and Title VII: SFA violated that anti-retaliation provisions of both the *Equal Pay Act* and Title VII by issuing Dr. Wilder a terminal contract in response to her complaints of sex discrimination and unequal pay. SFA issued Dr. Wilder's terminal contract approximately 35 days after Dr. Wilder filed her formal complaint of sex discrimination and pay inequity.

Dr. Wilder contends that the reasons offered by SFA for issuing her a terminal contract are merely pretext for discrimination and unlawful retaliation for Dr. Wilder engaging a protected activity under Title VII and the Equal Pay Act—*i.e.*, complaining about sex discrimination and unequal pay. Alternatively, assuming the reasons proffered by SFA are true or partially true, Dr. Wilder's sex and complaints of sex discrimination and pay inequity were still a motivating factor in SFA's decision to issue her a terminal contract. In other words, SFA had mixed motives in issuing Dr. Wilder a terminal contract.

Violation of Title VII: SFA violated Title VII by issuing Dr. Wilder a terminal contract for "student and faculty complaints," when SFA renewed the contacts of male faculty members, such as Dr. Gary Konrad, who had similar and substantiated complaints against them. In other words, Dr. Wilder was treated differently based on her sex.

Dr. Wilder contends that the reasons offered by SFA for issuing her a terminal contract are merely pretext for discrimination and unlawful retaliation for Dr. Wilder engaging a protected activity under Title VII and the Equal Pay Act—*i.e.*, complaining about sex discrimination and unequal pay. Alternatively, assuming the reasons proffered by SFA are true or partially true, Dr. Wilder's sex and complaints of sex discrimination and pay inequity were still a motivating factor in SFA's decision to issue her a terminal contract. In other words, SFA had mixed motives in issuing Dr. Wilder a terminal contract.

### *Damages*

With respect to her Title VII claims, Dr. Wilder is entitled to recover compensatory damages, statutory damages, and all other items of damage to which she is rightfully entitled. This

includes past and future damages for pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

With respect to her Equal Pay Act claims, Dr. Wilder is entitled to recover compensatory damages, the pay differential between her and Dr. Carbajal from September 2016 through August 2018, statutory damages, and all other items of damage to which she is rightfully entitled.

Dr. Wilder also seeks to recover any other damages, at law or in equity, to which she is justly and lawfully entitled or which the Court deems appropriate.

Dr. Wilder is also entitled to recover her attorney's fees and court costs, as well as applicable prejudgment and post judgment interest on any judgment, for all claims.

**Defendants' Contentions:**

Defendant Stephen F. Austin State University ("SFA") denies that it discriminated or retaliated against Plaintiff Ann Wilder, Ph.D. ("Dr. Wilder"). SFA contends that Dr. Wilder was issued a terminal contract, consistent with its policies on non-reappointment, after SFA received a multitude of complaints about her behavior that dated back to the first five weeks of her employment. SFA also denies that the issuance of the terminal contract was in any way motivated by discriminatory or retaliatory motives. With respect to Plaintiff's Equal Pay Act claim, SFA contends that the pay differential between Dr. Wilder's and Dr. Carbajal's salaries are attributable to several factors other than sex and that SFA's salary decisions regarding Dr. Wilder were based on legitimate non-discriminatory reasons. SFA contends that Dr. Wilder is not entitled to any damages or equitable relief.

**E.    STIPULATIONS AND UNCONTESTED FACTS**

1. Plaintiff, Ann Wilder, Ph.D., was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.

2. Defendant, Stephen F. Austin State University, is an employer within the meaning of Title VII and the *Equal Pay Act*.

3. SFA has more than 500 employees over the previous 20 or more calendar weeks in the current or proceeding calendar year.

4. Jose Carbajal, Ph.D. ("Dr. Carbajal") represented himself to be of the male gender through written information submitted to SFA.

5. Plaintiff and Dr. Carbajal held the rank of tenure-track Assistant Professor in the academic years 2016-2017 and 2017-2018 in SFA's School of Social Work.

6. Dr. Wilder's pay for the 2016-2017 and 2017-2018 academic years was $54,425.00.

7. Dr. Carbajal's pay for the 2016-2017 and 2017-2018 academic years was $58,000.00.

8. On June 19, 2018, Dr. Wilder filed a written complaint alleging sex discrimination and unequal pay with SFA's Department of Human Resources.

9. Dr. Wilder's filing of her written complaint was a protected activity under Title VII and the *Equal Pay Act*.

10. From July 2014 until June 1, 2021, Stephen Bullard, Ph.D., was SFA's Provost and Vice-President for Academic Affairs.

11. Dr. Bullard assigned Timothy O. Bisping to investigate Dr. Wilder's complaint.

12. Dr. Wilder's participation in Dr. Bisping's investigation and subsequent appeal of his findings is a protected activity under Title VII and the *Equal Pay Act*.

13. On or about July 24, 2018, Dr. Bullard signed a terminal contract for Dr. Wilder.

14. On July 24, 2018, Dr. Bullard was aware of Dr. Wilder's formal complaint alleging sex discrimination and unequal pay that she filed on June 19, 2018.

15. SFA's issuance of a terminal contract to Dr. Wilder was an adverse employment action under Title VII.

16. Dr. Bullard was the ultimate decision maker who decided to issue Dr. Wilder a terminal contract.

17. Gary Kronrad, Ph.D. represented himself to be of the male gender through written information submitted to SFA and was a professor in SFA's Arthur Temple School of Forestry and Agriculture.

18. At all times relevant, Freddie Avant, Ph.D., was the Director of the School of Social Work.

19. At all times relevant, Brian Murphy, Ph.D., was the Dean of the College of Liberal and Applied Arts.

20. Plaintiff has stated a *prima facie* case under the *Equal Pay Act*.

21. Plaintiff has stated a *prima facie* case of pay discrimination under Title VII. SFA does dispute that Plaintiff has stated a *prima facie* case of sex discrimination based on the terminal contract and disputes that Plaintiff has stated a *prima facie* case of retaliation.

22. Thomas Glass, Plaintiff's retained economist, is qualified to render expert opinion testimony regarding the salary differential between Dr. Wilder and Dr. Carbajal.

23. The parties have also entered a <u>Binding Stipulation</u> (Doc. No. 37) wherein:

Defendant, Stephen F. Austin State University, stipulates and agrees that Stephen F. Austin State University, its witness, and its counsel will not offer or elicit any testimony, evidence, or argument about or concerning any Title IX complaint or Title IX investigation of Plaintiff, Ann Wilder, Ph.D., in this matter. Defendant further stipulates and agrees that it will also not offer or elicit any testimony, evidence, or argument that the Title IX complaint or Title IX investigation played any role in Defendant's decision to issue Plaintiff a terminal contract.

24. At SFA, full-time faculty members hold appointments in either non-tenure track or tenure track ranks; tenure-track rank faculty are either tenured or probationary. Probationary faculty in their third year of probationary service (or subsequent years of their probationary appointment) must be notified by August 31 that a terminal contract will be offered for the next academic year.

25. Annual contracts are issued based on the Academic Year, which is the nine-month period between September 1 and the end of May.

26. At all relevant times, SFA policy 7.29 provided that the decision not to renew a probationary faculty member's annual contract "may be made for any lawful reason or no reason."

27. Dr. Wilder was hired at the same time—during the same budget year—as Dr. James Morris, an Assistant Professor in the School of Social Work who is male and younger than Dr. Wilder, and they received identical starting salaries.

28. When Dr. Carbajal was hired, he replaced a Full Professor.

29. When Dr. Carbajal was hired, neither Dr. Wilder nor Dr. Morris (or other Assistant Professors in the School of Social Work) received raises to match Dr. Carbajal's compensation.

## F. CONTESTED ISSUES OF FACT AND LAW

**Contested Issues of Fact:**

1. Whether any of the employment decisions about which Dr. Wilder complains—other than the setting of her pay and the issuance of a terminal contract—constitute employment decisions that are actionable under Title VII.

2. Whether Dr. Wilder would not have suffered an adverse employment action but for her being female.

3. Whether a similarly situated male professor at SFA was treated more favorably under nearly identical circumstances with regard to any employment decision that is actionable under Title VII.

4. Whether Dr. Wilder's sex (female) was a motivating factor in SFA's employment decisions about which she complains.

5. Whether SFA's reasons for issuing Dr. Wilder a terminal contract are mere pretext for discrimination or retaliation.

6. Whether the difference in pay between that of Dr. Wilder and Dr. Carbajal was based on a factor other than sex.

7. Whether Dr. Wilder engaged in an activity protected by Title VII or the Equal Pay Act in March 2018.

8. Whether SFA would not have issued Dr. Wilder a terminal contract but for her engaging in an activity protected by Title VII or the Equal Pay Act.

9. Whether SFA committed a willful violation of the Equal Pay Act.

10. Whether SFA committed an unwilful violation of the Equal Pay Act.

11. Whether—and in what amount—is Dr. Wilder entitled to damages.

12. Whether Dr. Wilder failed to mitigate her damages, if any.

13. Whether SFA has legitimate, non-discriminatory reasons for all employment actions affecting Plaintiff that she contends were unlawful.

14. Whether the employment actions about which Dr. Wilder complains would have been taken regardless of any alleged unlawful motives, including sex discrimination.

**Contested Issues of Law:**

1. Whether SFA's budgetary limitations—proffered as one of the bases for the pay disparity between Dr. Wilder and Dr. Carbajal—cannot constitute a "factor other than sex" under the Equal Pay Act as a matter of law.

2. Whether Dr. Wilder is entitled to equitable relief under Title VII or the Equal Pay Act.

3. Whether Dr. Wilder is entitled to statutory or liquidated damages under Title VII or the Equal Pay Act.

4. Whether Dr. Wilder is entitled to attorney's fees, court costs, expenses, prejudgment interest, and post judgment interest, and in what amounts.

## G. LIST OF WITNESSES

**Plaintiff's List of Witnesses:**

A. <u>Witnesses who will be called to testify:</u>

Stephen F. Austin State University *by and through its Organizational Representatives and its Custodians of Records* (Defendant)
Stephen Bullard, Ph.D.
Brian Murphy, Ph.D.
Freddie Avant, Ph.D.
Emmerentie Oliphant, Ph.D.
Timothy O. Bisping, Ph.D.
Garland "Mark" Simmons, Ph.D.
Alton L. Frailey or David Alders
Karol Chandler Ezell
Linda Levitt

*It is Plaintiff's understanding that the above listed person are either employed by or under the control of Defendant.*

Ann Wilder, Ph.D. (Plaintiff)
Shelby Laird, Ph.D.
Miriam Nissenbaum
Rev. Michael Caldwell
Wanda Cuniff
Thomas Glass (Retained Expert)
Dr. Vicki Satir (Medical Provider)
John Steven Conner
Rachel Wilder

B. <u>Witnesses who may be called to testify:</u>

Gary Kronrad, Ph.D.
Jose Carbajal, Ph.D.
John Wyatt
Charlotte Allen, Ph.D.
Wilma Cordova
Damon Derrick
Heather Olson Beale
Peter Simbi, Ph.D.
Lacey Folsom
John Handley

*It is Plaintiff's understanding that the above listed person are either employed by or under the control of Defendant.*

    Loretta Doty
    Michelle Peck
    Daniel Wilder

Plaintiff notes that she may call any witnesses listed by Defendant during her case-in-chief.

C.    <u>Witnesses presented by deposition testimony:</u>

Plaintiff, pursuant to this Court's order, notified SFA that it intended to call its witnesses live and expects SFA to cooperate in providing them. Plaintiff does not anticipate calling any witnesses by deposition at this time. If, however, witnesses deposed by the parties should become unavailable, then Plaintiff may call them by deposition.

Plaintiff does anticipate using certain business records affidavits and medical records affidavits that have been previously disclosed to Defendants and produced.

**<u>Defendants' List of Witnesses:</u>**

A.    <u>Witnesses who will be called to testify:</u>

    Dr. Brian Murphy
    Dr. Timothy Bisping
    Dr. Emmerentie Oliphant
    Dr. Freddie Avant
    Dr. Steven Bullard
    Dr. Ann Wilder

B.    <u>Witnesses who may be called to testify:</u>

    Loretta Doty
    Dr. Nikki Shoemaker
    John Wyatt

C.    <u>Witnesses presented by deposition testimony:</u>

At this time, Defendant does not anticipate calling any witnesses by deposition. If, however, a witness becomes unavailable, Defendant may call them by deposition.

H.    **LIST OF EXHIBITS**

Please see attached Exhibit Lists.

I.    **LIST OF ANY PENDING MOTIONS**

1. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 47)

2. SFA's Motion to Exclude (Doc. No. 53)

3. SFA's Motion for Summary Judgment (Doc. No. 54)

4. Plaintiff's Motions in Limine

5. SFA's Motions in Limine

**J. PROBABLE LENGTH OF TRIAL**

Plaintiff believes 7 days inclusive of voir dire, opening, evidence, and closing. Defendant believes 5 days is the probable length of trial.

**MANAGEMENT CONFERENCE LIMITATIONS**

None.

**K. CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:
    (a) is in existence;
    (b) is numbered; and
    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

/s/ *Tanner G. M. Franklin*
Tanner G.M. Franklin
***Attorney for Plaintiff,***
***Ann Wilder, Ph.D.***

/s/ *Amy S. Hilton*
Amy S. Hilton
Attorney-in-Charge
Assistant Attorney General
***Attorney for Defendant,***
***Stephen F. Austin State University***

    This Joint Pre-Trial Order is hereby approved this day of __ July 2021.

 

_____
THE HONORABLE ZACK HAWTHORN
UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

      I hereby certify that on July 12, 2021, the foregoing document was filed via the Court's CM/ECF system, causing electronic service upon all counsel of record.

                                      */s/ Amy S. Hilton*
                                      **AMY S. HILTON**
                                      Assistant Attorney General