IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| ANN WILDER, PH.D. | § | |
|---|---|---|
| *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:20-CV-40 |
| | § | |
| STEPHEN F. AUSTIN STATE UNIVERSITY | § § | |
| *Defendant* | § | JURY DEMANDED |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S PROPOSED MOTIONS IN LIMINE

COMES NOW, Plaintiff Ann Wilder, Ph.D. ("Dr. Wilder") and files these Reponses to Defendant's Proposed Motions in Limine (Doc. No. 68).

### I. Introduction

This a Title VII and *Equal Pay Act* case brought by Dr. Wilder against Stephen F. Austin State University ("SFA"). Dr. Wilder was previously employed by SFA. More specifically, Dr. Wilder asserts claims against SFA for violations of Title VII in issuing her a terminal contract and paying a male comparator more than Dr. Wilder to perform the same work; unlawful retaliation in violation of Title VII; unlawful retaliation in violation of the *Equal Pay Act*; a willful violation of the *Equal Pay Act*; and, alternatively, a non-willful violation of the *Equal Pay Act*.

In accordance with the Court's Second Amended Scheduling Order (Doc. No. 43) and July 15, 2021 Order Granting Motion for Extension of Time (Doc. No. 72), Plaintiff files her responses to Defendant's proposed motions in limine (Doc. No. 68).

### II. Arguments and Authorities

**Motion in Limine No. 1:** Plaintiff cannot agree to this Motion in Limine. SFA is represented by Attorneys from the Texas Attorney General's Office. Plaintiff needs to *voir dire* on whether potential jurors have ever been represented by the Texas Attorney General's Office. Further, to

the extent Defendant's counsel is concerned about bias arising from child support issues, they can *voir dire* on that issue.

**Motion in Limine No. 2:** Plaintiff cannot agree to this Motion in Limine as written. Plaintiff needs further clarification with respect to what Defendant is attempting to limine. Plaintiff has filed suit against SFA—a large government entity and is entitled to refer to the size of SFA for a variety of reasons. Plaintiff is also represented by a small law firm, which may come up during *voir dire*. Plaintiff will not, however, argue that she should win this case or be given a break because she is represented by a small law firm.

**Motion in Limine No. 3:** Plaintiff cannot agree to this Motion in Limine. While prior complaints may not be admissible to show a "pattern or practice" of discrimination, they are admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident on the part of key individuals in this case. *See* FED. R. EVID. 404(b)(2). For example, at the time Dr. Bullard appointed Dr. Bisping to investigate Dr. Wilder's sex discrimination and unequal pay complaint, both were actively involved in another sex discrimination case brough by Geralyn Franklin, Ph.D. that was ongoing in the Eastern District of Texas. This is relevant to showing their potential bias against sex discrimination claims as well as other reasons identified in Rule 404.

Additionally, the student complaints against Dr. Kronrad and the complaints by Dr. Cooper against Dr. Mark Berringer are evidence of SFA treating similarly situated males and females differently and selective enforcement of university policy—*i.e.*, pretext. These complaints and how they were handled by Dr. Bullard (Kronrad matter) and Dr. Murphy (Cooper matter) are also admissible evidence showing motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in SFA's handling the student Dr. Wilder's complaints

agiasnt Dr. Wilder, which SFA asserts as its reason for issuing Dr. Wilder a terminal contract. *See* FED. R. EVID. 404(b)(2).

**Motion in Limine No. 4:** Agreed.

**Motion in Limine No. 5:** Agreed.

**Motion in Limine No. 6:** At this time, Plaintiff's counsel has filed or been involved with two other lawsuits against SFA, which were both filed in the Eastern District of Texas. One case involved SFA violating the due process rights of six students. Plaintiff agrees that that case is not relevant to this case. The other case is the aforementioned case filed by Geralyn Franklin, Ph.D. For the reasons identified in response to Motion in Limine No. 3, general information about the Franklin case is admissible.

Respectfully submitted,

**FRANKLIN LAW FIRM, PLLC**

_____
**Tanner G.M. Franklin**
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
2528 Highway 103
Etoile, Texas 75944
(936) 854-3213 — Telephone
(888) 430-2559 — Fax

**ATTORNEY FOR PLAINTIFF
ANN WILDER, PH.D.**

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 26th day of July, 2021.

Amy S. Hilton
Attorney-in-Charge
State Bar No. 24097834
Assistant Attorney General
Amy.hilton@oag.texas.gov

Mathew Bohuslav
State Bar No. 24097834
Assistant Attorney General
matthew.bohuslav@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-936-1162
Fax: 512-320-0667

**Tanner G.M. Franklin**