IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANN WILDER, PH.D. § | | |
| *Plaintiff* § | | |
| § | | |
| V. § | CIVIL ACTION NO. 9:20-CV-40 | |
| § | | |
| STEPHEN F. AUSTIN STATE § | | |
| UNIVERSITY § | | |
| *Defendant* § | JURY DEMANDED | |

## PLAINTIFF'S OBJECTIONS TO
## DEFENDANT'S PROPOSED EXHIBITS

COMES NOW, Plaintiff Ann Wilder, Ph.D. ("Dr. Wilder") and files these Objections to Defendant's proposed exhibits (Doc. No. 69-1).

### I. Introduction

This a Title VII and *Equal Pay Act* case brought by Dr. Wilder against Stephen F. Austin State University ("SFA"). Dr. Wilder was previously employed by SFA. More specifically, Dr. Wilder asserts claims against SFA for violations of Title VII in issuing her a terminal contract and paying a male comparator more than Dr. Wilder to perform the same work; unlawful retaliation in violation of Title VII; unlawful retaliation in violation of the *Equal Pay Act*; a willful violation of the *Equal Pay Act*; and, alternatively, a non-willful violation of the *Equal Pay Act*.

In accordance with the Court's Second Amended Scheduling Order (Doc. No. 43) and July 15, 2021 Order Granting Motion for Extension of Time (Doc. No. 72), Plaintiff files her objections to Defendant's proposed exhibits (Doc. No. 69-1).

## II. Arguments and Authorities

A. **Objections to Defendants' Proposed Exhibits**

1. **Proposed Exhibit 6**

Defendant's proposed Exhibit 6 consists of 96 pages of emails, letters, memos, and course evaluations that purport to concern Plaintiff. Exhibit 6 is Bates Labeled D-000357 to D-000452. Plaintiff objects to specific portions of Exhibit 6 and will identify those sections below.

    a. **D-000357 to D-000431—Emails and Letters by Students, Faculty, and Staff**

Plaintiff objects to these pages of Exhibit 6 on the basis that they are inadmissible hearsay. *See* FED. R. EVID. 801, 802. SFA is offering these documents for the truth of the matters asserted therein and no applicable exception to the hearsay rules apply. In fact, many of the documents contain multiple layers of hearsay. *See* FED. R. EVID. 805. Therefore, D-000357 to D-000431 should be excluded.

If the Court believes that the documents are not inadmissible hearsay, then Plaintiff also objects to certain document on additional grounds, which are set forth below.

    b. **D-000366 to D-000367 and D-000373 to D-000374—Unsigned/Anonymous Reports**

One of the documents in Exhibit 6 is unsigned and the other is anonymous. D-000366 to D-000367, appears to be a handwritten letter that is unsigned and does not identify the author. D-000373 to D-000374 is a type written document that is undated and is simply signed "A BSW Social Work Student."

Plaintiff objects based on Rule 403 that any slight probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* FED. R. EVID. 403.

Specifically, Plaintiff has no way of identifying who purportedly authored these documents. Thus, Plaintiff cannot cross examine any witness on the veracity of the statement contained therein, which creates unfair prejudice. These documents should be excluded under Rule 403.

### c. Documents Authored by Individuals not Identified in SFA's Disclosures

The following documents were purportedly authored by the following individuals:

- D-000358 by Traci Love'
- D-000359 by Kirby Smith;
- D-000360 by Kirby Peddy;
- D-000361 to D-000364 by Becky Price-Mayo;
- D-000365 by Kathleen Bellanger;
- D-000368 by Walter de la Cruz;
- D-000369 by Shuna Mast;
- D-000370 to D-000371 by La'kasha Smith;
- D-000372 by Angela Fugler;
- D-000375 by Kristin Wallace;
- D-000376 by seven individuals, including Beauty Neely, Ashley Beverly, Danita Rollins, Dawn Roberts, and Angela Potter. Two of the signatures are unclear;
- D-000377 by Paisley Park Small;
- D-000378 to D-000382 by Ashely Beverly;
- D-000383 by Kristin Wallace (duplicate of D-000375);
- D-000384 to D-000385 by Angela Potter;
- D-000386 by Beauty Neely;
- D-000393 by Patrick Thomas;
- D-000398 by Natalie Webb;
- D0000400 by Keyerre Chattard; and
- D-000428 to D-000431 by Ms. Seizmore.

In its First Amended Disclosures, SFA did not identify any of the above listed individuals as individuals with knowledge of this case. Exhibit "A," *Defendant's First Amended Disclosures* (dated July 15, 2020). Because these individuals were never identified as individuals having knowledge of this case, these documents should be excluded. *See* FED. R. CIV. P. 26(a)(i); FED. R. CIV. P. 37(c)(1). SFA's failure to identity these students in disclosures and provide their contact

3

information is not harmless and is prejudicial because it denied Plaintiff the opportunity the ability to contact and/or depose these students.

### d. D-000383—Duplicative Report by Kristin Wallace

Plaintiff objects to this page of Exhibit 6 on the basis that it is duplicative of D-000375, which is already contained in Exhibit 6. *See* FED. R. EVID 403. Therefore, D-000383 should be excluded on the basis that it is duplicative. *See id.*

### e. D-000415—"Incident with Emma Skipper"

Plaintiff objects to this page of Exhibit 6 on the basis that it is irrelevant, and any slight probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* FED. R. EVID. 401, 402, 403.

Specifically, this is the incident that generated a Title IX investigation that was subsequently dismissed. The Parties have entered a Binding Stipulation, whereby:

> Defendant, Stephen F. Austin State University, stipulates and agrees that Stephen F. Austin State University, its witness, and its counsel will not offer or elicit any testimony, evidence, or argument about or concerning any Title IX complaint or Title IX investigation of Plaintiff, Ann Wilder, Ph.D., in this matter. Defendant further stipulates and agrees that it will also not offer or elicit any testimony, evidence, or argument that the Title IX complaint or Title IX investigation played any role in Defendant's decision to issue Plaintiff a terminal contract.

Doc. No. 37. Accordingly, the "Incident with Emma Skipper" is not relevant based on the Binding Stipulation. Therefore, this document should be excluded.

### f. D-000426 to D-000427—"Incidents reported by Kristina Irwin"

Plaintiff object to D-000426 to D-000427, which is tilted, "Incidents reported by the Kristina Irwin" on the basis that this is hearsay within hearsay. *See* FED. R. EVID. 805; *see also*

FED. R. EVID. 801, 802. This document purports to be what Melissa Whelldon and Tyrhenny Stinnett **told** Kristina Irwin. The document is hearsay and should be excluded.

### 2. Proposed Exhibit 11

Exhibit 11 appears to be documents concerning the November 2017 complaint by six students against Dr. Wilder. Large parts of Exhibit 11, however, are redacted, including names and multiple pages of the document. This is the version of the documents that were provided to Plaintiff during the Discrimination Review Board Process, however, SFA has original, unredacted copies. The redactions—at least with respect to the names—should be removed, because the document is confusing and potentially misleading to the jury with the redactions. *See* FED. R. EVID. 403.

Moreover, portions of the Exhibit 11 appear to be duplicative of Exhibit 6. *See* FED. R. EVID. 403. Any duplicative portions should be removed from Exhibit 11 or Exhibit 6.

### 3. Proposed Exhibit 14—Faculty Code of Conduct (revised January 29, 2019)

Plaintiff object to Exhibit 14 on the grounds that it is not relevant because the version of the policy being offered by SFA was not in effect at the time of Plaintiff's employment. *See* FED. R. EVID. 401, 402. Plaintiff's employment with SFA ended in August 2018. Exhibit 14 did not become a policy until January 29, 2019. Accordingly, it is irrelevant and should be excluded.

Note, Plaintiff has no objection to SFA substituting the prior version of the Faculty Code of Conduct in place of Exhibit 14.

### 4. Proposed Exhibit 16

Exhibit 16 is Plaintiff's subsequent employment contract with Carlow University. Plaintiff is not seeking an award of back; therefore, the contract—and her subsequent employment—is

irrelevant to any issue before the jury. *See* FED. R. EVID. 401, 402. Accordingly, Exhibit 16 should be excluded.

### 5. Proposed Exhibits 41 and 42

Exhibits 41 and 42 are the Faculty Evaluations for Jose Carbajal, Ph.D. Plaintiff objects that these exhibits are not relevant to any issue before the jury. *See* FED. R. EVID. 401, 402. The jury is going to be asked to determine whether SFA violated the *Equal Pay Act*/Title VII by paying Dr. Carbajal more to the same job as Dr. Wilder and whether SFA is entitled to an affirmative defense on that issue.

SFA's proffered reasons for paying Dr. Carbajal more than Dr. Wilder have been thorough discussed and briefed in the motions for summary judgment and responses. Simply put, Dr. Carbajal's evaluations have never been referenced as a "reason" for the pay differential and this appears to be yet another attempt by SFA to change its proffered reasoning. Dr. Carbajal's evaluations are irrelevant. *See* FED. R. EVID. 401, 402. Further, any slight probative value is substantively outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* FED. R. EVID. 403.

Additionally, to the extent that SFA asserts they are relevant to show the reason for the pay differential, Plaintiff objects that these Exhibits should be excluded because that was not asserted a basis for the pay differential during discovery. *See* FED. R. CIV. P. 37(c); *see also* Doc. No. 59, Section III.

### 6. Proposed Exhibit 65

Exhibit 65 is Plaintiff's Objections and Responses to Defendant's Second Set of Interrogatories. Plaintiff objects to this exhibit on the grounds that significant portions of the Exhibit are irrelevant and inadmissible. *See* FED. R. EVID. 401, 402.

The Exhibit itself contains nine interrogatories on various topics. Many of the interrogatories contain legal objections and contains references to items that the parties have stipulated to not bringing before the jury—*i.e.*, the Title IX complaint and investigation.

Other portions of the Exhibit are also no longer relevant. For example, Interrogatory 13—asking why Plaintiff considers herself a pay comparator to Dr. Carbajal. Because SFA is conceding a *prima facie* case under the EPA and Title VII concerning pay discrimination, this information is no longer relevant as SFA agrees Dr. Carbajal is a proper comparator. *See* Doc. No. 69, JTPO, Section E, Stipulations and Uncontested Facts. Likewise, Interrogatory 9 asks about subsequent employers and compensation. Plaintiff is not seeking back pay; thus, this information is not relevant.

Further, Plaintiff objects to Exhibit 65 on the basis that any slight probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* FED. R. EVID. 403.

### 7. Proposed Exhibits 9, 13, 13, 35, 50, 51, 52, 53, 54, 55, 56, 57, 58, and 59

Plaintiff objects to the following Proposed Exhibits on the grounds that they are duplicative, in whole or in part, of other Exhibits being offered by SFA. These duplicative exhibits are as follows:

- Exhibit 9 is duplicative of Exhibit 6 (D-000394);
- Exhibit 12 is duplicative of Exhibits 9 and Exhibit 6 (D-000394);

- Exhibit 13 is duplicative of Exhibit 6 (D-000399)
- Exhibit 35 is duplicative of Exhibit 18;
- Exhibit 50 is duplicative of Exhibit 6;
- Exhibit 51 is duplicative of Exhibit 6 (D-000359);
- Exhibit 52 is duplicative of Exhibit 6 (D-000414);
- Exhibit 53 is duplicative of Exhibit 6 (D-000360);
- Exhibit 54 is duplicative of Exhibit 6 (D-000393);
- Exhibit 55 is duplicative of Exhibit 6 (D-000375);
- Exhibit 56 is duplicative of Exhibit 6 (D-000358);
- Exhibit 57 is duplicative of Exhibit 6 (D-000369 to D-000371);
- Exhibit 58 is duplicative of Exhibit 6 (D-000365); and
- Exhibit 59 is duplicative of Exhibit 6 (D-000368.

Accordingly, the above listed exhibits are cumulative and should be excluded. *See* FED. R. EVID. 403.

### III. Conclusion

For these reasons, Plaintiff Ann Wilder, Ph.D. asks the Court to exclude certain exhibits offered by Defendant on the grounds stated above.

Respectfully submitted,

**FRANKLIN LAW FIRM, PLLC**

_____
**Tanner G.M. Franklin**
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
2528 Highway 103
Etoile, Texas 75944
(936) 854-3213 — Telephone
(888) 430-2559 — Fax

**ATTORNEY FOR PLAINTIFF
ANN WILDER, PH.D.**

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 26th day of July, 2021.

  Amy S. Hilton
  Attorney-in-Charge
  State Bar No. 24097834
  Assistant Attorney General
  Amy.hilton@oag.texas.gov

  Mathew Bohuslav
  State Bar No. 24097834
  Assistant Attorney General
  matthew.bohuslav@oag.texas.gov

  Office of the Attorney General
  General Litigation Division
  P.O. Box 12548, Capitol Station
  Austin, Texas 78711-2548
  Phone: 512-936-1162
  Fax: 512-320-0667

        **Tanner G.M. Franklin**