IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| ANN WILDER,<br><br>            Plaintiff,<br>v.<br><br>STEPHEN F. AUSTIN STATE UNIVERSITY,<br><br>            Defendant. | NO. 9:20-CV-00040-ZJH |

**ORDER GRANTING MOTION TO EXCLUDE EVIDENCE
AND DENYING MOTION FOR SANCTIONS**

Pursuant to 28 U.S.C. § 636(c), FED. R. CIV. P. 73, and order of the District Court, this matter is before the undersigned United States Magistrate Judge for all proceedings and entry of judgment in accordance with the consent of the parties. Pending before the court is Plaintiff Ann Wilder, Ph.D.'s *Motion to Exclude Evidence and Motion for Sanctions*. Doc. No. 80.

This case is set for trial on August 16, 2021. On August 6, 2021, just ten days before trial, Defendant Stephen F. Austin State University ("SFA") disclosed two documents to Dr. Wilder that had not been produced during discovery. Both of these documents are relevant to Dr. Wilder's retaliation claims under Title VII and the Equal Pay Act. The first is an administrative meeting agenda dated June 20, 2018 (the day after Dr. Wilder filed a complaint with HR), suggesting that Dr. Wilder's employment was a topic of discussion. Doc. No. 80-2 at 1.

The second document is a redacted email string between Dr. Avant and SFA's General Counsel, Damon Derrick. Doc. No. 80-2 at 2-4. They agreed to meet on June 6, 2018 to discuss Dr. Wilder's harassment investigation. *See id.* That date is highly relevant because this court, when denying SFA's motion for summary judgment with respect to the retaliation claims, said that "no one has corroborated Dr. Avant's statement that the decision to issue a terminal contract was made

1

on June 6, 2018." Doc. No. 78 at 29. These emails are even more troubling because SFA has objected to calling Mr. Derrick as a witness,[1] and SFA has stipulated that Dr. Bullard was the final decisionmaker,[2] yet the emails imply Mr. Derrick played a role in the decision to issue Dr. Wilder a terminal contract.

### I. Motion to Exclude Evidence

Dr. Wilder moves to exclude the evidence recently disclosed by SFA. Doc. No. 80. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). Additionally, the court's Order Governing Proceedings contained the following admonishment: "A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion." Doc. No. 8 at 5.

SFA admits that it produced the aforementioned documents late. The documents are undoubtedly relevant as they help SFA's defense with respect to Dr. Wilder's retaliation claims. In fact, the withheld documents seem to support arguments that SFA made at the summary judgment stage. These documents were produced on a Friday afternoon on the eve of trial. The court finds that the late disclosure was not harmless. Accordingly, these documents must be excluded from evidence. SFA concedes as much. SFA has already agreed not to offer the documents as evidence at trial, and to instruct its witnesses that they cannot testify to a date certain when the decision to issue Dr. Wilder a terminal contract was made.[3]

---

[1] "Mr. Derrick cannot be expected to provide any testimony about any fact of consequence in this case that is not protected by attorney-client privilege." Def.'s Obj. to Pl.'s Witness List at 2, Doc. No. 77.

[2] "Dr. Bullard was the ultimate decision maker who decided to issue Dr. Wilder a terminal contract." Joint Pretrial Order at 4, Doc. No. 69.

[3] "SFA is willing to agree that its witnesses cannot testify to a date certain when the decision to issue the terminal contract was made." Doc. No. 81 at 4.

Due to SFA's untimely disclosure, these documents (Doc. No. 80-2) and any testimony concerning the information contained therein are excluded from evidence. SFA may not introduce these documents into evidence or allude to their existence. Furthermore, SFA must instruct its witnesses that they cannot testify that the decision to offer Dr. Wilder a terminal contract was made on June 6, 2018, or on any other *specific date* prior to June 19, 2018. The only remaining question is whether exclusion of evidence is a sufficient remedy for SFA's misstep.

## II.   Motion for Sanctions

Dr. Wilder asks the court to sanction SFA. Doc. No. 80 at 7-10. SFA admits to disclosing the documents late and argues that any sanction above and beyond exclusion of evidence would be overkill. Doc. No. 81. SFA has made several offers to Dr. Wilder to cure any prejudice from the late production, including not being able to use the documents. *See id.* at 4. The fact that SFA owned up to its mistake and made concessions goes a long way with the court. Accordingly, the court finds that sanctions are not appropriate at this time.

## III.   Conclusion

It is, therefore, **ORDERED** that Dr. Wilder's *Motion to Exclude Evidence* is **GRANTED**. SFA may not introduce the untimely disclosed documents (Doc. No. 80-2) into evidence or allude to their existence. Furthermore, SFA must instruct its witnesses that they cannot testify that the decision to offer Dr. Wilder a terminal contract was made on June 6, 2018, or on any other *specific date* prior to June 19, 2018. It is further **ORDERED** that Dr. Wilder's *Motion for Sanctions* is **DENIED**.

SIGNED this 13th day of August, 2021.

_____
Zack Hawthorn
United States Magistrate Judge