IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| ANN WILDER,<br><br>     Plaintiff,<br>v.<br><br>STEPHEN F. AUSTIN STATE UNIVERSITY,<br><br>     Defendant. | NO. 9:20-CV-00040-ZJH |

## **FINAL JURY INSTRUCTIONS**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments

rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## PARTIES

The Plaintiff in this case is Dr. Ann Wilder, who I will refer to as "Dr. Wilder." The Defendant is Stephen F. Austin State University, who I will refer to as "SFA."

An entity such as SFA is entitled to the same fair trial as a private individual. An entity such as SFA can only function through its employees. Actions taken by supervisory employees acting in the course and scope of their employment are considered to be the acts of SFA.

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Dr. Wilder has the burden of proving her case by a preponderance of the evidence. Under the Equal Pay Act, however, SFA bears the burden to show by a preponderance of the evidence that the difference in pay between Dr. Wilder and Dr. Carbajal was based on any factor other than Dr. Wilder's sex. To establish by a preponderance of the evidence means to prove something is more likely so than not so.

2

# EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Do not let bias, prejudice or sympathy play any part in your deliberations. A state institution such as SFA and all of its employees are equal before the law and must be treated as equals in a court of justice. The Court has assigned numbers to the trial exhibits. You should not construe any significance to the exhibit numbers.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the questions. You should not draw any inference against an attorney or the attorney's client because the attorney has made an objection.

# LIMITING INSTRUCTION

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

Furthermore, during trial I allowed Dr. Wilder and SFA to offer exhibits and testimony relating to complaints regarding Dr. Wilder and Dr. Gary Kronrad's disciplinary history for the limited purpose of showing SFA's possible motive for offering Dr. Wilder a terminal contract and/or showing whether she was treated differently than Dr. Kronrad. You must only consider this evidence for those limited purposes. You must not consider this evidence for any other purpose. For example, you may not consider the complaints to be evidence of Dr. Wilder or Dr. Kronrad's character.

**WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of

a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. Here the parties have agreed to the following stipulations:

1. Dr. Wilder was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.

2. SFA is an employer within the meaning of Title VII and the Equal Pay Act.

3. Jose Carbajal, Ph.D. ("Dr. Carbajal") is male.

4. Dr. Wilder and Dr. Carbajal were both tenure-track Assistant Professors in the academic years 2016-2017 and 2017-2018 in SFA's School of Social Work.

5. Dr. Wilder's pay for the 2016-2017 and 2017-2018 academic years was $54,425.00.

6. Dr. Carbajal's pay for the 2016-2017 and 2017-2018 academic years was $58,000.00.

7. Dr. Wilder was hired at the same time—during the same budget year—as Dr. James Morris, an Assistant Professor in the School of Social Work who is male and younger than Dr. Wilder, and they received identical starting salaries.

8. On June 19, 2018, Dr. Wilder filed a written complaint alleging sex discrimination and unequal pay with SFA's Department of Human Resources.

9. Dr. Wilder's filing of her written complaint was a protected activity under Title VII and the Equal Pay Act.

10. Dr. Wilder's participation in Dr. Bisping's investigation and subsequent appeal of his findings is a protected activity under Title VII and the Equal Pay Act.

11. At all relevant times, SFA policy 7.29 provided that the decision not to renew a probationary faculty member's annual contract "may be made for any lawful reason or no reason."

12. On July 24, 2018, Dr. Bullard signed a terminal contract for Dr. Wilder.

13. On July 24, 2018, Dr. Bullard was aware of Dr. Wilder's formal complaint alleging sex discrimination and unequal pay that she filed on June 19, 2018.

14. Dr. Bullard was the ultimate decision maker who decided to issue Dr. Wilder a terminal contract.

15. SFA's issuance of a terminal contract to Dr. Wilder was an adverse employment action under Title VII.

16. Gary Kronrad, Ph.D. is male and was a professor in SFA's Arthur Temple School of Forestry and Agriculture.

## PAY DISCRIMINATION UNDER THE EQUAL PAY ACT AND TITLE VII

Both the Equal Pay Act and Title VII of the Civil Rights Act of 1964 prohibit an employer from paying members of the opposite sex different wages to perform the same work. Thus, Dr. Wilder brings two claims of pay discrimination—one under the Equal Pay Act and one under Title VII. Dr. Wilder claims that SFA discriminated against her on the basis of her sex by paying her a lower wage for performing substantially the same work as a male professor, Dr. Jose Carbajal.

SFA admits that SFA paid Dr. Wilder less money than Dr. Carbajal to perform the same job. However, SFA denies that the difference in pay is on account of her sex. SFA contends that any pay disparity between Dr. Wilder and Dr. Carbajal was based on factors other than sex.

Under the Equal Pay Act, SFA bears the burden to show by a preponderance of the evidence that the difference in pay between Dr. Wilder and Dr. Carbajal was based on any factor other than Dr. Wilder's sex. If SFA establishes that the difference in pay was caused by any factor other than sex, you must decide in favor of SFA on Dr. Wilder's pay discrimination claim under

the Equal Pay Act. On the other hand, if you determine that SFA has failed to prove by a preponderance of the evidence that the difference in pay was caused by a factor other than sex, you must decide in favor of Dr. Wilder on her pay discrimination claim under the Equal Pay Act.

If you find in favor of Dr. Wilder, then you must also determine whether SFA willfully violated the Equal Pay Act. If you find that SFA either knew or showed reckless disregard for whether the Equal Pay Act prohibited its conduct, then its conduct was willful. If SFA did not know that the Equal Pay Act prohibited its conduct, or did not act in reckless disregard about whether the law prohibited its conduct, then its conduct was not willful.

For Dr. Wilder's pay discrimination claim under Title VII, SFA need only articulate a gender-neutral reason for the difference in pay. If SFA provides such a reason, Dr. Wilder has the burden to show that the pay disparity was motivated by her sex. Dr. Wilder does not have to prove that unlawful discrimination was the only reason she was paid less than Dr. Carbajal. But SFA can show by a preponderance of the evidence that it would have made the same decision with respect to setting her salary even if it had not considered Dr. Wilder's sex. If you find that the reason SFA has given for the pay disparity is unworthy of belief, you may, but are not required to, infer that SFA was motivated by Dr. Wilder's sex.

**UNLAWFUL TERMINATION UNDER TITLE VII**

Dr. Wilder claims that SFA's decision to issue her a terminal contract was motivated by Dr. Wilder's sex. SFA denies Dr. Wilder's claims, and contends that SFA issued Dr. Wilder a terminal contract due to concerns over her performance raised in numerous complaints about her.

It is unlawful for an employer to discriminate against an employee because of the employee's sex. An employer may, however, issue a terminal contract to an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Dr. Wilder must prove by a preponderance of the evidence that:

(1) SFA issued her a terminal contract; and

(2) SFA's decision to offer Dr. Wilder a terminal contract was motivated by her sex.

Dr. Wilder does not have to prove that unlawful discrimination was the only reason SFA offered her a terminal contract. But SFA can show by a preponderance of the evidence that it would have made the same decision to issue her a terminal contract even if it had not considered Dr. Wilder's sex. If you find that the reason SFA has given for issuing Dr. Wilder a terminal contract is unworthy of belief, you may, but are not required to, infer that SFA's decision was motivated by Dr. Wilder's sex.

## RETALIATION UNDER TITLE VII AND THE EQUAL PAY ACT

Dr. Wilder claims that SFA retaliated against her for engaging in activity protected by Title VII and the Equal Pay Act. SFA contends that Dr. Wilder's participation in protected activity was not the "but for" cause of SFA's decision to issue Wilder a terminal contract, but that Dr. Wilder was issued a terminal contract due to concerns over her performance based on numerous complaints about her.

9

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII or the Equal Pay Act. To prove unlawful retaliation, Dr. Wilder must prove by a preponderance of the evidence that:

1. Dr. Wilder engaged in protected activity by filing a complaint of discrimination and/or participating in an internal investigation process concerning her complaint;

2. SFA issued Dr. Wilder a terminal contract; and

3. SFA's decision to issue Dr. Wilder a terminal contract was on account of her protected activity.

Here, the parties have stipulated that Dr. Wilder engaged in protected activity by filing her June 19, 2018 complaint and participating in the internal investigation process concerning her complaint. The parties have also stipulated that SFA's issuance of a terminal contract to Dr. Wilder was an adverse employment action under Title VII and the Equal Pay Act. Thus, the only element in dispute for Dr. Wilder's retaliation claims is the third element: whether SFA's decision to issue Dr. Wilder a terminal contract was on account of her protected activity.

You need not find that the only reason for SFA's decision was Dr. Wilder's filing of a complaint of sex discrimination and pay discrimination and/or participation in the complaint review process, specifically appealing Dr. Bisping's findings. But you must find that SFA's decision to issue Dr. Wilder a terminal contract would not have occurred in the absence of—but for—her protected activities.

If you disbelieve the reason SFA has given for its decision, you may, but are not required to, infer that SFA would not have decided to issue Dr. Wilder a terminal contract but for her engaging in the protected activities.

# DAMAGES

If Dr. Wilder has proven any of her claims against SFA by a preponderance of the evidence, you must determine the damages to which Dr. Wilder is entitled. You should not interpret the fact that I am giving instructions about Dr. Wilder's damages as an indication in any way that I believe that Dr. Wilder should, or should not, win this case. It is your task first to decide whether SFA is liable. I am instructing you on damages only so that you will have guidance in the event you decide that SFA is liable and that Dr. Wilder is entitled to recover money from SFA.

## TITLE VII DAMAGES

If you found that SFA violated Title VII, then you must determine an amount that is fair compensation for all of Dr. Wilder's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Dr. Wilder whole—that is, to compensate her for the damage that she has suffered. Compensatory damages are not limited to expenses that Dr. Wilder may have incurred because of her injury. If Dr. Wilder wins, she is entitled to compensatory damages in the form of pain, suffering, inconvenience, mental anguish, emotional distress, humiliation, loss of enjoyment of life, and other noneconomic losses that she has suffered because of SFA's wrongful conduct.

You may award compensatory damages only for injuries that Dr. Wilder proves were proximately caused by SFA's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Dr. Wilder's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize SFA. You should not award compensatory damages for speculative injuries, but only for those injuries that Dr. Wilder has actually suffered or that Dr. Wilder is reasonably likely to suffer in the future.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Dr. Wilder must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Dr. Wilder need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

## EQUAL PAY ACT DAMAGES

If you found that SFA violated the Equal Pay Act, then you must determine whether it has caused Dr. Wilder damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Dr. Wilder has proved liability under the Equal Pay Act.

Under the Equal Pay Act, Dr. Wilder seeks damages calculated by determining the amount of money, if any, if paid now in cash, is due to Dr. Wilder to equalize her wages to those of Dr. Jose Carbajal from September 1, 2016 to August 31, 2018. In other words, Dr. Wilder's lost compensation is the difference between her compensation and Dr. Carbajal's compensation.

## DUTY TO DELIBERATE; NOTES

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.